# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BM INVESTMENTS, L.L.C.,
*et al.*,

        Plaintiffs,                CIVIL ACTION NO. 06-CV-14991

vs.                                   DISTRICT JUDGE PAUL V. GADOLA

HAMILTON FAMILY, L.P.,
*et al.*,                            MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

Before this Court is Magistrate Judge Mona K. Majzoub's Report and Recommendation, finding that Counsel McQueeny violated Federal Rule of Civil Procedure11(b)(2) and 28 U.S.C. § 1927. The Magistrate Judge served the Report and Recommendation on the parties on March 14, 2007, and notified the parties that any objections must be filed within ten days of service. On March 28, 2007, Defendants timely filed objections to the Report and Recommendation. Plaintiffs filed a response to the objections on April 11, 2007. For the reasons stated below, the Court overrules Defendants' objections and adopts the Magistrate Judge's Report and Recommendation, granting Plaintiff's motion for sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett,* 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions *de novo. Lardie,* 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which

states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Plaintiff filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie,* 221 F. Supp. 2d. at 807.

*De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie,* 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2. Because Plaintiff has filed objections to the Magistrate Judge's Report and Recommendation, this Court will review the record *de novo.*

Considering the record of this case under the *de novo* standard as detailed above, the Court finds that Magistrate Judge Majzoub's reasoning and conclusions are sound and that Defendants' objections are without merit. One of Defendants' objections is that a show cause order was not issued before Magistrate Judge Majzoub's determination that sanctions were appropriate under 28

U.S.C. § 1927. Defendant argues, "In this circuit, an order to show cause is required to issue sanctions under 28 U.S.C. § 1927, along with an opportunity to respond." Def.'s Objs., p. 8 (citing *Wilson-Simmons v. Lake Co. Sheriff's Dept.*, 207 F.3d 818, 822 (6th Cir. 2000)). An accurate reading of the case cited by Defendant does not support the conclusion that an order to show cause is specifically required. Instead, *Wilson-Simmons* and the case it cites for the requirements with respect to § 1927 sanctions, *Cook v. American S.S. Co.*, 134 F.3d 771 (6th Cir. 1998), state, "What is required, however, is that before the imposition of sanctions, **the attorney must be given notice and an opportunity to be heard**." *Cook*, 134 F.3d at 775 (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980) and cited in *Wilson-Simmons*, 207 F.3d at 822)(emphasis added). Continuing on, the Court in *Cook* stated,

> An order to show cause, along with an opportunity to respond to said order, can be sufficient, in certain circumstances, to provide the necessary procedural safeguards:
>> If [a] court intends to sanction an attorney ... due process is satisfied by issuance of an order to show cause why sanctions should not be imposed and by providing an opportunity to respond. **Due process, however, is a flexible concept and the particular procedural safeguards required will vary depending upon all the circumstances**.
>
> *Julien v. Zeringue*, 864 F.2d 1572, 1575 (Fed. Cir. 1989) (citations omitted). *See Braley v. Campbell*, 832 F.2d 1504, 1515 (10th Cir. 1987).

*Cook*, 134 F.3d at 775 (emphasis added). Accordingly, a fair reading of the relevant cases indicates that the Due Process requirements are flexible. However, at a minimum Due Process requires an attorney subject to potential sanctions to be given notice and an opportunity to be heard. A show cause order is but one way to provide an attorney notice and an opportunity to be heard.

In the present case, there is no question that Attorney McQueeney received notice that sanctions were being considered. Plaintiffs' counsel informed Defendants that if Defendants followed through with filing the baseless notice of removal, Plaintiffs would seek sanctions. *See*

3

Br. in Opp. to Mot. for Sanctions, p. 9 [docket entry #17]. Defendants filed the notice of removal, the motion was denied, and Plaintiffs filed a motion for sanctions [docket entries #1, 10, 8]. Defendants received notice of the motion and, exercising their opportunity to be heard, filed a response to the motion for sanctions. *See Cook*, 134 F.3d at 775 (finding that an evidentiary hearing is not necessary for Due Process concerns before imposition of sanctions pursuant to § 1927). The Magistrate Judge then carefully considered all the relevant filings, including Defendants' response, and found that sanctions were appropriate.

After a *de novo* review of the record, this Court finds that agrees with Magistrate Judge Majzoub's conclusion that Counsel McQueeney's actions violated Federal Rule of Civil Procedure 11(b)(2) and 28 U.S.C. § 1927, and sanctions are appropriate. The Court also finds that the remainder of Defendants' objections are without merit.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants' objections to the Magistrate Judge's Report and Recommendation [docket entry #21] are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #20] is **ADOPTED and ACCEPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiffs must **SUBMIT** a bill of costs detailing their costs, expenses, and reasonable fees incurred as a result of the conduct of Defendants so that an appropriate sanction may be imposed. Plaintiffs must submit the bill within **THIRTY (30) DAYS** of the filing of this order. Any challenges to the bill must be submitted **WITH FIFTEEN (15) DAYS** of the filing of bill.

**SO ORDERED.**

Dated: June 1, 2007  s/Paul V. Gadola
HONORABLE PAUL V. GADOLA

UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  6/1/2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
 Mark Fink, Richard Maddin, Patrick Mqueeney, Lori Talsky , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  n/a  .

                                                s/Julia L. Mosher
                                                Julia L. Mosher, Secretary
                                                (810) 341-7845