UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

B.M. INVESTMENTS, L.L.C.,

      Plaintiff,           CIVIL ACTION NO. 06-CV-14991

vs.

                                    DISTRICT JUDGE PAUL V. GADOLA

HAMILTON FAMILY, L.P., et al.    MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION:** Plaintiffs should be awarded expenses, costs and reasonable attorney fees in the amount of $15,920.00, which includes attorney fees and costs from November 18, 2006 through April 11, 2007 pursuant to Plaintiffs' Bill of Costs filed on June 12, 2007. (Docket no. 24).

**II.** **REPORT:**

    *A.*    *Procedural History and Facts*

This matter comes before the Court on Plaintiffs' Bill of Costs, filed on June 12, 2007. (Docket no. 24). On June 28, 2007 Defendants filed a Reply Challenging Plaintiffs' Bill of Costs. (Docket no. 26). On June 29, 2007 Plaintiffs filed their Reply to Defendants' Reply. (Docket no. 27). This Motion was referred to the undersigned for decision[1]. (Docket no. 28). The Court

---

[1] The Sixth Circuit has found that "motions for sanctions, fees and costs are *not* to be *determined* by a magistrate judge." *Massey v. City of Ferndale*, 7 F.3d 506, 509-10 (6th Cir. 1993) (emphasis in original). The Circuit's reasoning that resolution of such matters is dispositive of a claim and therefore subject to the report and recommendation requirement of Fed. R. Civ. P. 72(b) applies. Accordingly, the Court issues this Report and Recommendation.

disposes with oral argument on this Motion pursuant to its Order for Submission and Determination of Motion Without Oral Hearing. (Docket no. 30). E.D. Mich. LR 7.1(e).

This is an action that arose when a land financing deal went awry. Plaintiff BM Investments originally borrowed approximately $2.2 million from Defendants to finance the building of a shopping center. To secure repayment of the loan, Defendants took a mortgage on the shopping center. Plaintiff Xtreme Fitness, owned by one of BM Investments' two members, is a major occupant of the now completed shopping center.

Plaintiffs initially filed an action in state circuit court seeking declaratory relief, seeking to have the shopping center title cleared as a result of alleged actions by Defendants. Plaintiffs also plead several other related allegations. Plaintiffs thereafter sought a temporary restraining order and preliminary injunction from the circuit court to enjoin Defendants from taking certain eviction actions relating to the shopping center. On or about October 5, 2006 a temporary restraining order was issued by Judge Stanley Latreille of the Livingston County 44th Judicial Circuit Court. Defendants claimed that the restraining order set forth "sufficient information of a First Amendment violation denying Partnership and Hamilton the right [sic] 'right for the redress of their grievances.'" (Docket no. 1 at 5). Based on this alleged federal question, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1441.

Shortly after Defendants filed their Notice of Removal, Plaintiffs moved to Remand to State Court. (Docket no. 2). The district court granted that motion on January 8, 2007. (Docket no. 10).

Following Defendants' removal to federal court, Plaintiffs filed a motion for sanctions on December 18, 2006. (Docket no. 8). Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 Judge Gadola entered an order adopting the undersigned's Report and Recommendation and granting

Plaintiffs' Motion for Sanctions on June 1, 2007 holding that Defendants' Counsel McQueeny violated Fed. R. Civ. P. 11(b)(2) and 28 U.S.C. § 1927. (Docket no. 23). The Court noted that these provisions allow for the imposition of sanctions in the form of costs, expenses, and attorneys' fees incurred because of Counsel McQueeny's conduct. The Court ordered Plaintiffs to submit a bill of costs detailing their costs, expenses and reasonable fees incurred as a result of the conduct of Defendants so that an appropriate sanction could be imposed on Counsel McQueeny.

*B.     Analysis*

Fed. R. Civ. P. 11(c)(2) provides that

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

"A sanction under *Rule 11* may include reasonable attorney fees. The principal goal of *Rule 11* sanctions is deterrence with compensation being a secondary goal." *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419 (6th Cir. 1992).

> In determining an appropriate sanction under amended Rule 11, the court should consider the nature of the violation committed, the circumstances in which it was committed, the circumstances (including the financial state) of the individual to be sanctioned, and those sanctioning measures that would suffice to deter that individual from similar violations in the future. The court should also consider the circumstances of the party or parties who may have been adversely affected by the violation.

*Id.* at 420. "Equitable considerations and the "least severe sanction adequate to serve the purpose" should be factors in the sanction determination."" *Id.* at 420.

Under 28 U.S.C.§ 1927,

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Like Rule 11, under 28 U.S.C. § 1927, "sanctions are imposed in proportion to the egregiousness of the act." *In Re. Petition of Gerald A. Meier*, 223 F.R.D. 514, 520 (W.D. Wis. 2004). As with Rule 11 sanctions, the "district courts have broad discretion in deciding upon a sanction award under § 1927." *Id.*

Defendants argue that the Court "has made no inquiry as to the financial condition of defense counsel." However, Defendants provide no evidence to support their argument that an award of $21,104.10 would be unreasonable and "more than penal." In light of Defendants' failure to provide any information about Counsel McQueeny's financial means, and for purposes of the determination of an appropriate sanction pursuant to either Rule 11 or § 1927, the Court will assume that Counsel McQueeny is a moderately successful sole practitioner of adequate financial means.

Defendants further assert that Plaintiffs' Bill of Costs reflects double billing, unreasonable and inflated time spent on drafting motions and briefs, ascertaining procedures for filing motions and writing letters to clients and coordinating service of process.

The Court finds that Counsel McQueeny's actions as defense counsel became unreasonable upon receipt and review of Plaintiff's Motion to Remand to State Court, he failed to address the legal authority relied upon by Plaintiffs demonstrating that the TRO could not establish federal question jurisdiction. The Court further finds that *but for* Defendants' removal to federal court, and their failure to terminate these duplicative proceedings once they reviewed the controlling legal authority provided in Plaintiffs' Motion to Remand, the charges shown on Plaintiffs' Bill of Costs

would not have been incurred.

This Court has previously found that "Plaintiffs clearly stated in their Motion to Remand to State Court the legal authority which demonstrated that the state court's issuance of the TRO could not establish federal question jurisdiction justifying removal to federal court." Report and Recommendation at 5 (Docket no. 20). "In their Response to the Motion to Remand, Defendants failed to squarely address the authority relied upon by Plaintiffs to show that the TRO could not justify the removal. Defendants simply argued that the alleged denial of their First Amendment rights by the issuance of the TRO created jurisdiction and justified removal." *Id.* The Court further opined that Counsel McQueeny's theory of removal to federal court lacked a plausible legal argument. *See id.* at 8. "Counsel had many opportunities to correct his mistake but stubbornly refused to do so with no good reason." *Id.* at 8.

Counsel McQueeny missed an early opportunity to correct his legal strategy when Plaintiffs filed their Motion to Remand on November 13, 2006. Plaintiff's Motion provided clear legal authority demonstrating that federal question jurisdiction does not exist in this case. (Docket no. 2). This was clearly the time when, even if Counsel McQueeny had not done adequate research on the issues, he was provided with the compelling legal authority to make a reasonable decision about proceeding in federal court. The Court therefore considers the costs, expenses and attorneys fees submitted by Plaintiffs from the date of November 13, 2006 forward, the date of the filing of Plaintiffs' Motion to Remand.

The Court may properly award the full amount of attorney fees incurred since the beginning of Counsel McQueeny's unreasonable and vexatious behavior. *See Ridder v. City of Springfield*, 109 F.3d 288, 299 (6th Cir. 1997) ("Since we agree with the magistrate judge that [counsel's]

unreasonable and vexatious behavior began with the filing of the complaint and persisted throughout the pendency of the case, the magistrate judge did not abuse his discretion by awarding the full amount of attorney fees incurred by counsel separately retained by Springfield to defend the case against the individual officers." *Id.* at 299. The court affirmed an award of $32,546.02 in attorney fees pursuant to 28 U.S.C. § 1927.).

In light of the facts and circumstances and for all of the aforementioned reasons, the Court should award expenses, costs and reasonable attorney fees to Plaintiffs in the amount of $15,920.00, which includes attorney fees and costs from November 13, 2006 through April 11, 2007 relating to Defendants' improper removal to federal court. This sanction will accomplish Fed. R. Civ. P. 11's primary goal of deterrence, is the "least severe sanction adequate to serve the purpose," and is consistent with the ability under 28 U.S.C.§ 1927 to award attorney fees accruing from the start of Defendants' Counsel's unreasonable and vexatious behavior.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any

objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 05, 2007      s/ Mona K. Majzoub
                 MONA K. MAJZOUB
                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 05, 2007      s/ Lisa. C. Bartlett
                 Courtroom Deputy