UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BM INVESTMENTS, LLC,
et al.

        Plaintiffs,        CIVIL ACTION NO. 06-14991

 VS.                         DISTRICT JUDGE PAUL V. GADOLA

HAMILTON FAMILY, L.P.,    MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
                         /

**<u>OPINION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION TO HOLD LAW OFFICES OF PATRICK J. McQUEENEY IN CONTEMPT FOR FAILURE TO RESPOND TO SUBPOENA (DOCKET NO. 37) AND PATRICK J. MCQUEENEY'S MOTION FOR PROTECTIVE ORDER (DOCKET NO. 41)</u>**

Before the Court are two motions. The first is Plaintiff's Motion to Hold Law Offices of Patrick J. McQueeney in Contempt for Failure to Respond to Subpoena filed on April 9, 2008. (Docket no. 37). Patrick J. McQueeney filed a Response to Motion to Hold the Law Offices of Patrick J. McQueeney in Contempt of Court on April 12, 2008. (Docket no. 40). The second motion is Patrick J. McQeeney's Motion for Protective Order filed on April 13, 2008. (Docket no. 41). Plaintiffs filed A Brief in Response to Partick J. McQueeney's Motion for Protective Order on April 21, 2008. (Docket no. 46). These matters have been referred to the undersigned for decision. (Docket no. 38, 43). The issues have been fully briefed and the Court will decide the matters upon the briefs. E.D. Mich. LR 7.1(e). (Docket no. 47, 48). The matters are now ready for ruling.

**I.    FACTS**

Plaintiffs filed a motion for sanctions on December 18, 2006 following Defendants' improper removal of this action to federal court. (Docket no. 8). Judge Gadola entered an order adopting the undersigned's Report and Recommendation and granting Plaintiffs' Motion for Sanctions on June

1, 2007 holding that Defendants' Counsel McQueeny violated Fed. R. Civ. P. 11(b)(2) and 28 U.S.C. § 1927. (Docket no. 23).

On June 12, 2007 Plaintiff's filed a Bill of Costs. (Docket no. 24). On June 28, 2007 Defendants filed a Reply Challenging Plaintiffs' Bill of Costs. (Docket no. 26). On June 29, 2007 Plaintiffs filed a Reply to Defendants' Reply. (Docket no. 27). . The Magistrate Judge recommended awarding attorneys fees and costs from November 13, 2006 through April 11, 2007 and entered a Report and Recommendation regarding the Bill of Costs for expenses, costs and reasonable attorney fees in the amount of $15,920.00 awarded to Plaintiffs. (Docket no. 31) . The District Court Judge referred the matter back to the Magistrate Judge for a hearing as to the appropriate amount of sanctions. (Docket no. 33). The Court originally scheduled the hearing for April 14, 2008 and the parties appeared. (Docket no. 36). Due to unresolved issues, the Court rescheduled the hearing for May 12, 2008. (Docket no. 49).

On March 13, 2008 Plaintiffs served a subpoena on the Law Offices of Patrick J. McQueeney seeking documents for the upcoming evidentiary hearing. (Docket no. 37-3). The subpoena sought documents regarding Counsel McQueeney's financial condition because Counsel McQueeney objects that he is without the resources to pay the amount of sanctions recommended by the Magistrate Judge and that the amount of sanctions is disproportionate with his ability to pay. (Docket no. 37 paragraph 2). The subpoena ordered the production of documents on April 3, 2008 at the offices of Mantese and Rossman, P.C. in Troy, Michigan. (Docket no. 37-3). The subpoena seeks production of the following: (1) Counsel McQueeney's complete tax returns for 2005, 2006 and 2007 including all schedules for himself and any business in which he has an interest; (2) All 1099s, K-1s "and the like" for 2005, 2006 and 2007 for Counsel McQueeney and any business in

2

which he has an interest; (3) all promissory notes or other documents evidencing indebtedness of another to Counsel McQueeney or any business in which he has an interest; (4) statements of all of Counsel McQueeney's and his business's accounts for the last 2 years, including those held jointly, personally or professionally; (5) January 31, 2008 interim and 2007 year end financial statements for his law practice or any other business in which he has an interest, including profit and loss and balance sheets showing receivables; (6) all ledgers and books of accounts for the last two years for his law practice and any other business, including P & L and balance sheets showing receivables; (7) Notices of 2007 tax assessments for all real property owned individually or jointly, personally or by law practice; and (8) any documents upon which Counsel McQueeney intends to rely in support of his contention that a sanction would result in financial hardship or be unduly burdensome or harsh. (Docket no. 37-3). Plaintiffs allege that Counsel McQueeney did not respond to the subpoena. (Docket no. 37 paragraph 4). Plaintiffs allege that their counsel spoke with Counsel McQueeney on April 7, 2008 and he advised that he was not going to produce the documents.

## II. ANALYSIS

### A. *Plaintiffs' Motion to Hold Law Offices of Patrick J. McQueeney in Contempt for Failure to Respond to Subpoena*

Rule 26(b) provides that parties may obtain discovery regarding any "non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 45(e), Fed. R. Civ. P., provides that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." The Court has broad powers to order remedies in contempt proceedings. Plaintiffs argue that the appropriate contempt sanction is to bar Counsel McQueeney from arguing at the evidentiary hearing that the amount of the sanction requested by Plaintiffs is disproportionate to his ability to pay or that his financial condition has any bearing on the amount

3

of the sanction, bar him from introducing into evidence any document or information encompassed within the scope of the subpoena and award Plaintiffs the costs and fees associated with their motion for contempt. (Docket no. 37 paragraph 7).

Counsel McQueeney alleges that Plaintiffs' subpoena was served upon him only to harass him. Counsel McQueeney asserts that he informed Plaintiff's counsel in a phone conversation on or about April 4, 2008 that he would produce an affidavit from his accountant confirming that he is unable to pay the sanction amount previously recommended by this Court. Counsel McQueeney further alleges that the information sought is sensitive to his wife and is protected by privileges including the attorney-client privilege. (Docket no. 40). Counsel McQueeney objects that the subpoena is overbroad, seeks documents over a three year period of time, and argues that "Opposing Counsel has offered no explanation as to how to deal with several privileges that Counsel has raised in objection to production of records, (sic) Plaintiff seeks to obtain." (Docket no. 40 paragraph 3). Counsel McQueeney argues that opposing counsel did not advise him that he would file a motion for contempt. (Docket no. 40 paragraph 4). Counsel McQueeney filed and served written objections to the subpoena on April 11, 2008. (Docket no. 40 paragraph 5).

"A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection . . . . The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(c)(2)(B). Rule 45 also provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that: . . . (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). The subpoena was served on March 13, 2008, therefore any written

4

objections were due on or before March 27, 2008.  Counsel McQueeney did not timely serve written objections.

Counsel McQueeney argues that "there has been no deliberate or intentional violation of the court's order." (Docket no. 40 at 4).  Counsel McQueeney states that he told opposing counsel that he would provide an affidavit from his attorney, to which opposing counsel neither objected nor agreed.  Counsel McQueeney also states that the Court's Order did not expressly permit discovery of his financial condition, his objections were not timely due to his "horrific litigation schedule," and an unusual circumstance exists in that Counsel McQueeney is not a party to this action, is acting in good faith, submits that the subpoena is overbroad on its face, exceeds the bounds of fair discovery and that he had discussions with his own counsel concerning the legal basis of the subpoena in advance of filing his written objections.  Counsel McQueeney relies on law that states that in unusual circumstances and for good cause a court may consider objections to a subpoena where they may otherwise be barred as a result of the failure to timely serve written objections.  *See American Elec. Power Co. v. United States,* 191 F.R.D. 132, 136-37 (S.D. Ohio 1999).

The Court finds Counsel McQueeney's argument that he is not a party to this litigation unpersuasive.  While the status of a person as a "non-party" may be a factor weighing against disclosure, Counsel McQueeney is intimately involved in this litigation as counsel for Defendants.  *See id.* at 136.  Further, he is the subject of the Court's Order for Sanctions. (Docket no. 23).  As an officer of the Court he is charged with knowledge of the Federal Rules of Civil Procedure and his duty to timely respond or object to a subpoena.  Counsel McQueeney did not attempt to address the subpoena with Plaintiffs within fourteen days of service or prior to the date ordered for production.  Finally, the subpoena does not appear overbroad on its face and it is not unduly

burdensome. It is limited in scope of time and seeks only documents related to Counsel McQueeney's financial condition. The information sought is therefore relevant to the issue of his financial ability to pay sanctions. Fed. R. Civ. P. 26(b).

Counsel McQueeney had an opportunity to timely object to the subpoena and thus shift the burden to Plaintiffs to enforce the subpoena. Counsel McQueeney failed to timely act and necessitated further expenses and use of resources by Plaintiffs and the Court. However, in light of the Court's January 23, 2008 Order ordering a full hearing on the amount of sanctions, the Court finds that it would neither be consistent with the Order nor would it further the interests of justice to award the harsh sanctions which Plaintiffs seek. The Court will, however, order Counsel McQueeney to comply with the subpoena and produce the requested documents to the offices of Mantese and Rossman, P.C. in Troy, Michigan as set forth in the March 13, 2008 subpoena, on or before the close of business on May 8, 2008.

### B.     *Patrick J. McQueeney's Motion for Protective Order*

Counsel McQueeney filed a Motion for Protective Order on April 13, 2008 seeking a protective order to prevent Plaintiffs' counsel from seeking the following:

    1)     Records or documents in which Counsel McQueeney's wife holds a privilege or reasonable expectation of privacy, including jointly filed tax returns;

    2)     Evidence that would otherwise be protected, such as attorney-client privileged business records including checking and savings account information pertaining to his business and books and ledgers for the last two years of his business; and

6

3) Information regarding tax assessments for any property held jointly by Counsel McQueeney and his wife[1].

Counsel McQueeney also requests that the Court's Protective Order order the following with respect to the hearing:

1) Prevent information upon which Counsel McQueeney will rely at the hearing from being used in any other proceeding and prevent Plaintiffs and Plaintiffs' counsel, employees, agents, assigns and other representatives from discussing this information with anyone not involved in the hearing;

2) Seal the transcript from the hearing and order that the transcript not be made available to anyone for any purpose other than to appeal or seek relief from any order of this court or to enforce any order of this Court; and

3) Prevent any person who shall attend the scheduled hearing from discussing the evidence that Counsel provides at the hearing, close the courtroom to anyone not connected to the hearing and subject all witnesses to the order that the information learned from the hearing shall not be discussed following the conclusion of the instant hearing.

Fed. R. Civ. P. 26(c) authorizes the Court to make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Broad discretion is afforded to the Court in regulating discovery. *Rhodes v.*

---

[1] Counsel McQueeney states that he will provide information at the hearing that a home jointly held by him and his wife is scheduled for foreclosure sale on April 15, 2008 and is being foreclosed due to the fact that Counsel McQueeney can no longer afford the mortgage payments on said property. (Docket no. 41 paragraph 11). Counsel McQueeney also states that his accountant will swear by affidavit that Counsel McQueeney owes several thousand dollars of taxes to the IRS and is in the process of reaching a payment plan with the IRS regarding the same. He will also swear that the IRS placed a lien on Counsel McQueeney's residence to insure repayment of taxes. (Docket no. 41 ¶ 4).

*McDannel*, 945 F.2d 117, 119 (6th Cir. 1991). The Court is guided by the strong, overarching policy of allowing liberal discovery. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002).

The burden of showing good cause for a protective order to issue rests with the party requesting the protective order. *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (1991).

> The party must make a particular request and a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one. . . . The requirement furthers the goal that the Court only grant as narrow a protective order as is necessary under the facts. Id. at 412.

"[T]ax returns are subject to discovery in civil litigation between private parties." *Credit Life Ins. Co. v. Uniworld Ins. Co.*, 94 F.R.D. 113, 119 (D.C. Ohio 1982). Tax returns are discoverable where they are relevant to the action or the issues raised thereunder and the material is not otherwise readily available. *See Credit Life Ins. Co.*, 94 F.R.D. at 121; *Cooper v. Hallgarten & Co.*, 34 F.R.D. 482, 484 (S.D.N.Y. 1964).

As set forth above, Counsel McQueeney raised the issue of financial condition as a defense to paying any sanctions. His income and financial ability to pay sanctions are central to the hearing on these matters and relevant. Although Counsel McQueeney offers to provide the affidavit of his accountant to support his assertion that he cannot afford to pay any sanctions, other evidence is relevant to the claims and defenses. The parties are not limited to evidence consisting solely of Counsel McQueeney's accountant's affidavit.

The information requested by Plaintiffs is relevant and discoverable. Counsel McQueeney provided no legal authority for his assertion that the records are privileged. He generally alleges, without providing legal authority or further elaboration, that the information

contained in the subpoena violates his rights under the Social Security Act. Counsel McQueeney has not alleged any damage or harm, specific or general, that would result from production of the records. He only generally alleges that the subpoena was served upon him to annoy and embarrass him and cause him to endure unnecessary burden and expense. The Court does not find the subpoena was served for an improper purpose. To the extent that Counsel McQueeney alleges that production of his business records will violate the attorney-client privilege and reveal trial strategy for some of his clients, he neither provides legal support for his assertion nor shows how the production of his own business records will violate the attorney-client privilege or divulge trial strategy. "The federal forum is unanimously in accord with the general rule that the identity of a client is, with limited exceptions, not within the protective ambit of the attorney-client privilege." *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 451(6th Cir. 1983) ("This general rule applies equally to fee arrangements: In the absence of special circumstances, the amount of money paid or owed to an attorney by his client is generally not within the attorney-client privilege." *Id.* at 452.). Counsel McQueeney has not met his burden under Fed. R. Civ. P. 26(c) to show good cause for a protective order to issue.

Counsel McQueeney's Motion for Protective Order as to the records sought in the subpoena will be granted in part. Although Counsel McQueeney did not meet his burden to show that a protective order should issue, the records are of such a nature that some protective measures should be taken. The Court will order Counsel McQueeney to produce the records with social security numbers and account numbers redacted and such records are to be produced and used only for the purposes of the hearing on the sanctions pursuant to the Courts' orders of

9

June 1, 2007 and January 23, 2008, to appeal or seek relief from any order of this court or to enforce any order of this Court relating to the same. (Docket nos. 23, 33).

Counsel McQueeney also substantively requests that the May 12, 2008 hearing on the amount of sanctions be held in camera. He asks that the transcripts from the hearing be sealed, the courtroom be closed to anyone not connected with the hearing, persons attending the hearing be ordered not to discuss the evidence provided at the hearing, and all witnesses be subject to a Court Order that information learned from the hearing not be discussed following conclusion of the hearing.

There is a common law right and First Amendment right of access to criminal proceedings that has been extended to civil proceedings. *See United States, ex rel. Timothy Calahan v. U.S. Oncology, Inc.,* 2005 U.S. Dist. LEXIS 31848 * 7 (W.D. Va. Dec. 7, 2005), *citations omitted*. Parties can overcome the right of access to judicial proceedings only by showing that closure is essential to preserve higher values and that it is narrowly tailored to serve that interest. *Id.* at *7. As set forth above, Counsel McQueeney has alleged no specific, serious injury that would result from allowing public access to the hearing and provided no legal authority for the harsh restraints he seeks. Further, Counsel McQueeney failed to show good cause for holding the hearing in camera. The Court will deny his Motion for Protective Order as to the hearing. The Court will, however, make every effort to respect Counsel McQueeney's privacy at the hearing.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Hold Law Offices of Patrick J. McQueeney in Contempt for Failure to Response to Subpoena (docket no. 37) is GRANTED in part and DENIED in Part. The Court holds Patrick J. McQueeney in Contempt of Court for

the reasons set forth above and Patrick J. McQueeney will produce documents responsive to the March 13, 2008 Subpoena at the Law Offices of Mantese and Rossman, P.C. on or before the close of business on May 8, 2008. The remainder of Plaintiff's Motion to Hold Law Offices of Patrick J. McQueeney in Contempt is DENIED.

**IT IS FURTHER ORDERED** that Counsel McQueeney's Motion for Protective Order (docket no. 41) is GRANTED in Part and DENIED in Part. The Court will order Counsel McQueeney to produce the records requested in the March 13, 2008 subpoena with social security numbers and account numbers redacted. The records are to be produced and used only for the purposes of the hearing on the sanctions pursuant to the Courts' orders of June 1, 2007 and January 23, 2008, or to appeal or seek relief from any order of this court or to enforce any order of this Court relating to the same. The remainder of Counsel McQueeney's Motion for Protective Order is DENIED.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: May 06, 2008                    s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: May 06, 2008                    s/ Lisa C. Bartlett
                                       Courtroom Deputy